CHRISTINA DELANOY, PETITIONER-DEFENDANT, v. NEW JERSEY DAIRY LABORATORIES, RESPONDENT-PROSE-CUTOR.

Argued May 4, 1943—Decided August 13, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the petitioner-defendant, *Morris Spritzer.*

For the respondent-prosecutor, *John W. Taylor (Richard H. Tunstead,* of counsel).

PER CURIAM.

*Certiorari* was allowed to review a judgment in a compensation case. It is conceded that petitioner's decedent, John LeRoy Delanoy, met with a fatal accident that arose out of and in the course of his employment. The sole question involved concerns the extent of the dependency of the petitioner, the mother of the deceased employee. The household

at that time consisted of three persons—the decedent and his father and mother. The father earned $30 a week, $26 of which he contributed to the fund for the support of the household. The decedent earned $18 a week and contributed a. minimum of $16 each week to the petitioner for household expenses. The Bureau found that the cost of maintaining the. decedent just prior to his death was $6 per week; that the petitioner therefore had a contribution from him for the balance of $10 a week and allowed compensation to the mother on that basis. The employer challenges this finding on the ground that the total stated expenses of the household each week amounted to $45.05 and argued that this amount was used in common for the general well-being of the three members of the household; that the decedent's salary should bear one-third of this expense or $15 a week. On this premise it is said that the decedent's contribution to the mother was one or at most two dollars each week and that compensation to the petitioner should be estimated on that figure. We think otherwise. There are items in the weekly budget that should not be charged against the decedent. It is patent that upon the son's death the expenses of the household each week would not be reduced one-third. It cost just as much for rent and heat, charities, medicines, household expenses after his death as it did before. The testimony supports the inferences and facts as found by the Bureau and the Pleas.

These two independent tribunals found against the contention of the prosecutor and these findings, as our cases say, should not be lightly disturbed if there be, as in this case, a basis for them. *Mountain Ice Co.* v. *Durkin*, 6 *N. J. Mis. R.* 1111; *affirmed*, 105 *N. J. L.* 636; *Mong* v. *Dolinsky & Co.*, 119 *Id.* 547; *De Santis* v. *Turner Construction Co.*, 120 *Id.* 590; compare *Anderson* v. *Federal Shipbuilding and Drydock Co.*, 118 *Id.* 55, 56.

The writ is therefore dismissed, and the judgment affirmed, with costs.